UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL RYAN CONLEY,

    Plaintiff,

v.                                                                                      Case No: 8:15-cv-2820-T-36UAM

STATE OF FLORIDA, 6TH JUDICIAL
CIRCUIT COURT, PINELLAS COUNTY
SHERIFF'S OFFICE, CITY OF LARGO,
FLORIDA, DEPARTMENT OF
CHILDREN AND FAMILIES, CITY OF
LARGO POLICE DEPARTMENT,
OFFICER JENKINS, FRANK QUESADA
and JASON CHRISTOPHER SANDERS,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Elizabeth A. Jenkins (Doc. 12). In the Report and Recommendation, Magistrate Judge Jenkins recommends that Plaintiff Paul Ryan Conley's Motion for Relief from the Obligation to Pay the Docketing and Filing Fees, construed as a Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 11) be denied. Conley filed an Objection to the Report and Recommendation (Doc. 13). This matter is therefore ripe for review.

**I.**    **BACKGROUND**

Proceeding *pro se*, Conley filed two motions—an "Emergency Request and Motion for Injunction and Federal Court Order of Protection," Doc. 6, and a "Motion for Acknowledgment as a Citizen and as an Ambassador of Peace for the Nation of Zion," Doc. 7. The Court denied both motions because they were incoherent and unsupported by any basis in either law or fact, and also deemed both motions to be frivolous. *See* Doc. 8. Conley thereafter filed a Notice of Appeal

concerning that order, *see* Doc. 9, and further filed a motion entitled "Motion for Relief from the Obligation to Pay the Docketing and Filing Fees," *see* Doc. 11.  The Magistrate Judge construed the motion as a motion for leave to proceed *in forma pauperis* on appeal, and recommended that the Court deny the motion, noting that Conley has not filed an affidavit of indigency and finding moreover that Conley's appeal is frivolous.  *See* Doc. 12.  Conley now challenges that recommendation.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review.  *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72.  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id*.

## III.    DISCUSSION

Conley objects to the Report and Recommendation in several aspects.  As determined to the best of this Court's ability:  First, Conley claims that the Court is seeking to use its "power to lie" in order to destroy him.  Doc. 13 at 1.  Second, Conley contends that the Court is "arbitrarily stat[ing] that all the facts of this case are a lie." *Id.* at 2.  Third, Conley accuses the Court of acting in a "shameless" and "criminal" manner in covering up the offenses caused by Defendants under

the color of law. *Id.* at 3. Fourth, Conley suggests that he is appealing in good faith. *See id.* at 4. Finally, Conley requests that the Court "repent of its evil ways," order his release, and grant him $700 trillion in damages. *Id.*

Conley's objections are plainly frivolous and without merit, and the Court agrees in all respects with Magistrate Judge Jenkins' recommendation. Indeed, Conley has failed to cite any law or fact to support his criticisms. To the extent Conley suggests that he is appealing in good faith, the Court unequivocally rejects Conley's position, as it is abundantly clear that, even if Conley had any non-frivolous claims arising from the circumstances of his arrest and detention, no such claims have been properly presented to the Court. To the contrary, the Court certifies that Conley's appeal is not taken in good faith.

Moreover, Conley has not filed an affidavit of indigency, without which the Court cannot even begin to evaluate if he is entitled to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (a court may authorize a prisoner to proceed on appeal *in forma pauperis* only if that person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").

Separately, the Court finds that not only are Conley's objections frivolous, Conley has acted in an abusive and vexatious manner by directing personal insults against both this Court and the Magistrate Judge. The Court cautions Conley that, should such behavior continue, he may be subject to sanctions. *See* Fed. R. Civ. P. 11. Sanctions may include, *inter alia*, a monetary penalty or a prohibition against future *pro se* filings. *See, e.g.*, *In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995); *Schramek v. Jones*, 161 F.R.D. 119, 122 (M.D. Fla. 1995).

For the reasons stated above, it is hereby **ORDERED**:

1. Conley's Objections (Doc. 13) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 12) is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

3. Conley's Motion for Relief from the Obligation to Pay the Docketing and Filing Fees, construed as a Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 11) is **DENIED**.

4. The Court certifies that Conley's appeal is not taken in good faith and that Conley is not permitted to proceed on his appeal *in forma pauperis*. Conley must pay the appellate filing fee.

5. The Court cautions Conley that it will not hesitate to impose sanctions should he submit any additional filings containing vexatious or abusive language.

**DONE AND ORDERED** in Tampa, Florida on June 6, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
United States Magistrate Judge Elizabeth A. Jenkins